penalty, therefore, is immaterial on this point, for the judgment is the test by which the costs are to be determined.

## John Strowell v. John Vrooman.

IN this action, which was still pending in the common pleas for *Saratoga*, a motion had been made in the court below, in arrest of judgment, on which no decision had been pronounced. The counsel, however, on both sides, agreed to make a case of it, and submit the matter to the determination of this court.

*Per Curiam.* This practice is increasing, and becoming grievous. It is time it should be arrested. We ought not to decide cases, unless there be a *lis pendens* here. We cannot, otherwise, enforce our decision, and the very point may come up again. We, therefore, must refuse taking up the case.

## Schermerhorn, Mason and Bishop v. Gideon Tripp, Junior.

ERROR from the common pleas in *Rensselaer* county. The suit below was *trespass de bonis asportatis* against a justice of the peace, a constable, and a plaintiff, in a suit before the justice under the 10*l.* act, for taking the goods of the defendant, in an execution on a judgment rendered by the justice. The defendants all joined in a plea of not guilty.— The evidence adduced was, that the justice lived in a tavern where he officiated as the tavernkeeper, made out the bills, and received payment for them, but that the justice did his business in a small out-